# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENISE ROTHROCK** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | NO.  18  1687 |
| v. | : | |
| | : | |
| **THE GUARDIAN LIFE INSURANCE** | : | |
| **COMPANY OF AMERICA** | : | **ERISA - JURY TRIAL NOT** |
| | : | **REQUESTED** |
| **Defendant.** | : | |

## COMPLAINT

FILED
APR 20 2018
KATE BARKMAN, Clerk
By_____Dep. Clerk

### I. Jurisdictional Statement

1. Denise Rothrock's claim relates to an "employee welfare benefit plan" as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. The subject Group Disability Income Policy of the Juniata Valley Bank., her employer, constitutes a plan under ERISA. Plaintiff alleges that this Court's jurisdiction is additionally invoked pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) and (f).

2. Venue is proper under ERISA, 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b) because such action may be brought where (1) the plan is administered, (2) where the breach took place, or (3) where the Defendant resides or may be found.

3. At all times relevant herein, and for a significant period of time prior thereto, Plaintiff was an Assistant Office Manager employed by Juniata Valley Bank., and as such has standing to bring this action under ERISA, 29 U.S.C. § 1132(a). She is a vested "participant" in the group plans within the meaning of 29 U.S.C. § 1002(2)(7).

4. Venue is proper in the Eastern District of Pennsylvania. 29 U.S.C. 1132(e)(2), 28 U.S.C. § 1391.

## II. Nature of Action

5. This is a claim for an award to Plaintiff of Long Term Disability Insurance Benefits pursuant to a policy of insurance underwritten by the Guardian Life Insurance Company of America to provide Long Term Disability Insurance Benefits ("Plan") to employees of the Juniata Valley Bank. This action is brought pursuant to § 502(a)(1)(B) of ERISA (29 U.S.C. § 1132(a)(1)(B)).

## III. The Parties

6. Plaintiff, Denise Rothrock (hereinafter "Plaintiff"), D.O.B. March 4, 1976, is an adult individual who is a citizen of the State of Pennsylvania, County of Huntingdon, residing at 7319 Slate Ridge Lane, Mapleton Depot, PA 17052.

7. At all times relevant, Plaintiff had been an Assistant Office Manager, a light occupation, employed by the policyholder, Juniata Valley Bank.

8. Plaintiff began working at Juniata Valley Bank in July 2012, and stopped working due to her disabling medical impairments after 4 years of employment.

9. Guardian Life Insurance Company of America ("Guardian") (hereinafter "Defendant") offers group life, accident and disability insurance coverage.

10. Defendant's principal place of business and headquarters are located in the State of New York at 7 Hanover Square, New York, NY 10004.

11. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1); and incident to her employment, Plaintiff received

coverage under the Plan as a "participant" as defined by 29 U.S.C. § 1002(7). This claim relates to the forgoing Plan.

12. At all times relevant, Defendant was a fiduciary of the Group Disability Income Policy within the meaning of ERISA § 3 (21), 29 U.S.C. § 1002(21)(A) in that Defendant was appointed by the Plan Administrator for the Plan as a "named fiduciary" and exercised authority and control over the payment of Long Term disability benefits, which are Plan assets.

13. Defendant is also the "appropriate named fiduciary" of the Long-Term Disability Plan as described in 29 C.F.R. § 2560.503-1(g)(2), and therefore functioned as the Long-Term Disability Plan Administrator for claims procedure proposes.

## IV. The Policy

14. Defendant issued Group Long-Term Disability ("LTD") Insurance coverage to Juniata Valley Bank, Group Plan #: 463336. That Policy pays 66% of Plaintiff's salary. The Policy contains a 90-day elimination period and pays until Social Security Normal Retirement Age.

15. Plaintiff's yearly earnings prior to disability were $41,870.00.

16. The LTD Policy defines *"Disability/Disabled" as:*

- *During the elimination period and the own 24 month occupation period, you are not able to perform, on a full-time basis, the major duties of your own occupation;*
- *After the end of the own occupation period, you are not able to perform, on a full-time basis, the major duties of any gainful work.*

## V. Failure to Pay Benefits Due Under the Group Long Term Disability Plan

### I. The Disability Claim – Extensive Medical History

17. From January 25, 2016, to April 8, 2016, Plaintiff had used eleven weeks of approved FMLA time off from work due to her disabling conditions.

18. Plaintiff returned to work on April 11, 2016, and worked full time through Saturday, August 13, 2016, where she was only able to work half a day due to her conditions.

19. Plaintiff's last day of work was August 13, 2016, due to symptoms of lower back pain and sciatica.

20. From August 15, 2016, through August 19, 2016, Plaintiff used her final remaining twelfth week of FMLA leave for her disabling condition.

21. Plaintiff's physician, Dr. Oja, certified disability as of August 15, 2016.

22. Since that time, Plaintiff has complained of and treated for lower back pain with sciatica.

## II. The Disability Claim – Claim for Benefits

23. Guardian approved Plaintiff's claim for Short Term Disability benefits from August 22, 2016, through November 13, 2016, the maximum benefit period under her policy.

24. Per Plaintiff's LTD policy, her benefits would have begun on November 13, 2016.

25. The LTD policy's definition of disability changes from "own occupation" to "any occupation" after 24 months of receiving benefits.

26. The definition of disability would have changed from "own occupation" to "any occupation" on November 13, 2018.

27. Plaintiff's employment with Juniata Valley Bank was terminated on August 25, 2016, due to the exhaustion of her FLMA leave and the subsequent inability to return to work due to her disabling impairments.

28. Plaintiff began receiving unemployment compensation benefits in August of 2016, for financial reasons after her job loss.

29. At all times relevant to this claim, Plaintiff has not returned to work and has remained unable to perform all the material duties of her own or any occupation due to the severity of her impairments.

30. The medical evidence demonstrates that Plaintiff's condition did not improve between the expiration of her short-term disability benefits on November 13, 2016, and the entitlement date for LTD benefits which would have occurred on the same day.

31. On November 9, 2016, through November 10, 2016, Plaintiff was treated at the Fulton County Medical Center for severe lower back and left hip pain.

32. On November 10, 2016, objective medical evidence in the form of a lumbar MRI dated, revealed mild facet arthropathy at L1-2 and L2-3, mild to moderate facet arthropathy at L3-4, a large left paracentral disc herniation and severe compression at L4-5 with moderate facet arthropathy, mild to moderate central canal stenosis and moderate foraminal stenosis, and moderate facet arthropathy and an annular disc bulge with annular tear and a small disc herniation at L5-S1.

33. Since the inception of her STD claim, Plaintiff has been prescribed narcotic pain medications for her chronic pain which cause cognitive impairments.

34. Plaintiff's chronic pain combined with the side effects of her medications would preclude the ability to perform her prior skilled occupation as it would negatively impact the persistence, pace and concentration needed to perform this such occupation.

35. Defendant did not factor either the side effects of Plaintiff's medications, or the effect of her chronic pain in the denial of her LTD benefits.

36. On April 21, 2017, Plaintiff's undersigned counsel requested a copy of Plaintiff's LTD claim file. By letter of May 2, 2017, Guardian advised that their records did not indicate

that any adverse determination had been made on Plaintiff's claim. However, Guardian had issued a letter on February 17, 2016, denying Plaintiff's claim for LTD benefits and outlining the applicable ERISA appeal notice procedures.

37. The fact that Guardian's May 2, 2017, letter is in direct contradiction to their February 17, 2016, letter evidences that Guardian does not establish and maintain reasonable claims handling procedures in violation of ERISA.

38. Updated medical evidence submitted with Plaintiff's August 16, 2017, appeal demonstrates that Plaintiff's disabling spinal condition has worsened progressing to a L4-5-disc herniation causing L5 nerve root compression.

39. On July 11, 2017, a Functional Capacity Evaluation was performed that demonstrated that Plaintiff was capable of performing less than full range of a sedentary position and had additional restrictions and limitations that would negate her ability to perform a full-time job on a sustained basis.

40. Defendant completed a Labor Market Survey to ascertain the physical demands of Plaintiff's own occupation.

41. The Dictionary of Occupational Titles, job description number 186.167-070, describes Assistant Branch Manager, Bank, as a light occupation.

42. Under the LTD policy, the own occupation includes, "any employment, trade or profession that is related in terms of similar: tasks, functions, skills, abilities, knowledge, training, and experience, required by employers from those engaged in a particular occupation in the general labor market in the national economy. Occupation is not specific to a certain employer or a certain location."

43. Defendant's Labor Market Survey does not provide an analysis as to how Plaintiff's job is performed in the national economy and therefore, their reliance on their survey and subsequent denial, is in error.

## COUNT I. – FIRST CAUSE OF ACTION
## [FOR DECLARATORY RELIEF PURSUANT TO 29 U.S.C. § 1132(a)(1)(b)]

44. Paragraphs 1 through 44 are incorporated herein by reference as if fully set forth at length.

45. An actual controversy exists between Plaintiff and Defendant arising out of the events alleged herein above. Plaintiff contends that Defendant has no legal basis for denying LTD benefits, which have been wrongfully withheld.

46. Plaintiff contends that the denial of LTD benefits is a breach of the Group Long Term Disability Plan; the practices of the Defendant should be estopped on the basis of equity; that the practices of Defendant are arbitrary and capricious; that the practices of Defendant fail to satisfy the minimum requirements of ERISA; and the practices of Defendant are barred as a matter of law.

47. Plaintiff contends that Defendant denied her a "full and fair review" of all of her records submitted by failing to consider information directly related to her LTD claim, minimized and/or failed to review or consider the findings of her treatment providers, while simultaneously attaching greater weight to the findings of the Defendant's medical consultants.

48. Plaintiff contends that the decision to deny LTD benefits and deny her appeal for benefits was wrongful, unreasonable, irrational, arbitrary and capricious, solely contrary to the evidence and contrary to the terms of the policy and the law and an abuse of discretion.

## COUNT II – SECOND CAUSE OF ACTION
## [FOR RECOVERY OF PLAN BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)]

49. Paragraphs 1 through 49 are incorporated herein by reference as if fully set forth at length.

50. Defendant wrongfully denied LTD benefits based on an unfair, incomplete, arbitrary and capricious review of Plaintiff's medical records and information, and the insufficient and inaccurate reports of their own reviewers.

51. Plaintiff contends that in denying LTD benefits, Defendant disregarded substantial evidence, including medical records and other medical reports.

52. Under the terms of the Group LTD Plan, Defendant unreasonably breached its promise to provide Plaintiff with certain LTD benefits. To date, Defendant has failed to honor this promise and continues to refuse to pay Plaintiff all benefits to which he is rightfully entitled.

53. Plaintiff has satisfied and continues to satisfy all conditions precedent under the Group LTD Plans and is thus eligible to receive LTD benefits.

54. Plaintiff has not waived or otherwise relinquished her entitlement to benefits under the Group LTD Plan.

55. Plaintiff seeks reimbursement and compensation for any and all benefits she should have received from November 13, 2016, [Date of Disability plus 90 days] through the present.

56. Defendant breached its obligations under ERISA to provide Plaintiff benefits even though her benefits are covered under the terms of the Group LTD Plan.

57. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to pay benefits to Plaintiff, he has been damaged in an amount equal to the amount of benefits to which he is entitled under the terms of the Group LTD Plan.

**WHEREFORE**, Plaintiff prays for judgment as follows:

A. On Count I:

1. A declaration that Plaintiff is disabled and entitled to the payment of benefits under the Group LTD Plan;

2. A declaration that Defendant is hereinafter estopped from wrongfully denying Plaintiff benefits under the Group LTD Plan without a legal basis to do so;

3. A declaration that Defendant is hereinafter estopped from denying Plaintiff benefits as a denial of such benefits is a breach of the Group LTD Plan.

4. A declaration that Defendant is hereinafter estopped on the basis of equity from continuing to deny disability benefits wrongfully withheld from Plaintiff;

5. A declaration that Defendant is hereinafter estopped from wrongfully denying benefits to Plaintiff contrary to clear, compelling and substantial medical and functional evidence.

6. Plaintiff requests the payment of reasonable attorney fees, costs and interest.

7. Plaintiff requests such other and further relief as the Court deems appropriate.

B. On Count II:

1. Plaintiff seeks a declaration of Plaintiff's right to benefits (past, present and future) under the terms of the Group LTD Plan;

2. Payment of all past benefits due Plaintiff under the terms of the Plan, with an award of pre-judgment interest;

3. Plaintiff requests the payment of reasonable attorney fees, costs and interest.

4. Plaintiff requests such other and further relief as the Court deems appropriate.

By: *[signature]*
Mary LeMieux-Fillery, Esq.
Attorney I.D. No. 312785
MARTIN LAW
1818 Market Street, 35th Floor
Philadelphia, PA 19103
(215) 587-8400
Attorney for Plaintiff

Date: APR 17 2018